## SMITH *vs*. DANIELLY.

Where suit was brought on a note payable to plaintiff for the use of certain children against their father, an equitable plea setting up that defendant was their natural guardian, that plaintiff is insolvent, and if permitted to collect the money will appropriate it to his own use, and praying that upon defendant's giving bond for the faithful management of the fund the note be decreed satisfied, should not be stricken on demurrer.

Promissory notes. Equity. Pleading. Before Judge SIMMONS. Crawford Superior Court. March Term, 1879.

Reported in the decision.

R. D. SMITH; BACON & RUTHERFORD, for plaintiff in error.

M. D. STROUD; MILLER & COLLIER, for defendant.

WARNER, Chief Justice.

This was a suit by the plaintiff against the defendant founded on an attachment, in which the plaintiff declared

upon three separate promissory notes—one of which, on the face thereof, was payable to the plaintiff for the benefit of two Pasmore children, and three Smith children, to be equally divided between them.   The other two notes were payable to the plaintiff or bearer, and not for the benefit of any one else.   On the trial of the case the jury found a verdict in favor of the plaintiff for the sum of $640.00, besides interest.   A motion was made for a new trial, which was overruled, and the defendant excepted.

One of the errors complained of in the motion was the striking the defendant's equitable plea on motion of plaintiff's counsel.   The defendant alleged in his equitable plea, that the three Smith children mentioned in said note are his own minor children ; that at the time said arrangement was made he was living in this state, but has since removed to the state of Mississippi, and has with him said three Smith children, and has all the burden to bear of maintaining and educating them, and that their interest will be better cared for and protected by him as their natural guardian than any one else, and that since the giving of said note and creating said trust for the benefit of his said children, the plaintiff has become insolvent, and if he is permitted to collect the money due, defendant's children, that he will waste the same, and appropriate it to his own use, and thereby deprive his children of their interest in said note, and that he has never given any security as guardian or trustee of said children ; therefore he prayed that the verdict in said case be so moulded that the plaintiff recover against him the amount due the Pasmore children, and that the balance due on said note be decreed satisfied, upon defendant, as natural guardian, giving bond with good security, conditioned for the faithful management and control of that part of the money due to the defendant's children upon their coming of age, or to pay over said amount to any other lawfully appointed guardian or trustee, and that upon his complying with these conditions the money coming to his children be allowed to remain in the defendant's

V 64—35

hands, etc.    In view of the allegations contained in the defendant's equitable plea, especially in regard to the plaintiff's insolvency, it was error in the court to strike it.

Let the judgment of the court below be reversed.